IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY E. WASHINGTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Act. No. 03-569-JJF |
| | : |
| THOMAS L. CARROLL, Warden, | : |
| and LARRY N. SAVAGE, LT., | : |
| | : |
| Defendants. | : |

_____

Stanley E. Washington, Pro Se Plaintiff.

_____

**MEMORANDUM OPINION**

September 1, 2005
Wilmington, Delaware

**Farnan, District Judge**

The Plaintiff, Stanley E. Washington, a _pro se_ litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed _in forma pauperis_ and assessed an initial partial filing fee of $23.69. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an _in forma pauperis_ complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner _in forma pauperis_ complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the

1

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

categories listed in § 1915A (b)(1).

2

allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By his Complaint, Plaintiff alleges that he was wrongfully denied his right to appeal disciplinary sanctions lodged against him. Plaintiff alleges that he timely filed an appeal, but that Lt. Savage thought his appeal was untimely. Plaintiff contends that his appeal was lost through no fault of his and that he should have been provided with another appeal form to complete. Instead, Plaintiff alleges that the sanction was executed, although Plaintiff does not specify what disciplinary sanction he received. Based on his Complaint, it appears to the Court that Plaintiff does not challenge the actual discipline he received, but only Defendants' alleged failure to honor his right to appeal a disciplinary sanction.

Inmates do not have a constitutionally protected right to a grievance procedure, and the existence of a grievance procedure does not confer prison inmates with any substantive

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

3

constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Further, Plaintiff's claims based on the failure to receive an additional appeal form and the misplacement of his appeal form by prison officials are, in the Court's view, claims sounding in negligence, and negligence is not actionable under 42 U.S.C. § 1983. Burnside v. Moser, 2005 WL 1532429, *2 (3d Cir. June 30, 2005) (holding that failure of prison counselor to timely provide inmate with prison appeals form was simple negligence that does not rise to the level of a constitutional deprivation). Because inmates have no constitutional right to a prison grievance procedure and Plaintiff's allegations regarding the treatment of his appeal amount to negligence, the Court concludes that Plaintiff cannot maintain a claim based on the failure of prison officials to provide him with an additional appeal form or otherwise properly process his appeal of a disciplinary sanction. See Burnside, 2005 WL 153249 at *1 (holding that failure of prison officials to process administrative grievance did not amount to a constitutional violation); Samuel v. Snyder, 2002 WL 31207190, *3 (D. Del. Sept. 27, 2002) (dismissing as frivolous inmate's claim that he did not receive a response to his appeal, but instead received an order imposing the sanction that he wished to appeal on the grounds that inmates have no protected liberty or property interests in Department of Correction

procedures). Accordingly, the Court will dismiss Plaintiff's Complaint as frivolous.

    An appropriate Order will be entered.